IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN G. SIMMERMON, III & A.
SIMMERMON CORPORATION,

                    Plaintiffs,

        v.

MICHAEL GABBIANELLI, ET AL.,

                    Defendants.

Civil Action
No. 09-5880 (JBS/KMW)

**OPINION**

APPEARANCES:

Michael S. Fettner, Esq.
Michael T. Sweeney, Esq.
Peter E. Kidd, Esq.
Lyman & Ash
1612 Latimer Street
Philadelphia, PA 19103
      Attorneys for Plaintiffs John G. Simmermon III and A.
      Simmermon Corporation

Allen E. Richardson, Esq.
Charles B. Austermuhl, Esq.
Richardson & Galella
142 Emerson Street
Suite B
Woodbury, NJ 08096
      -and-
George J. Botcheos, Jr., Esq.
George J. Botcheos, Chartered
436 Commerce Lane
Suite A
West Berlin, NJ 08091
      Attorneys for Defendants Michael Gabbianelli, Frank
      Caligiuri, Walter Bryson, Marvin Dilks, Bill Julio, William
      Sebastian, Dan Teefy, Michael DePalma, and Township of
      Monroe

**SIMANDLE,** Chief Judge:

I. **INTRODUCTION**

Plaintiff John G. Simmermon III and Plaintiff A. Simmermon Corporation, d/b/a A-Jack's Towing ("A-Jacks"), brought this action against Defendant Monroe Township and eight Township officials, alleging discriminatory and retaliatory enforcement of towing and zoning laws against Plaintiffs. This matter now comes before the Court on Plaintiffs' Motions to Amend the Complaint [Docket Item 61] and to Amend/Correct [Docket Item 62] the Court's March 28, 2012 Opinion and Order [Docket Items 47 & 48]. The Court will grant both motions.

II. **BACKGROUND**

A. **Factual Background**

The Court provided a detailed summary of the factual background in its March 28, 2012 Opinion [Docket Item 47] and, in the present Opinion, the Court provides only a brief summary.

Monroe Township maintains a list of tow truck operators whom the Township Police call for towing services. On June 26, 2007, the Monroe Township Council ("Council") approved an amendment to the towing ordinance that, _inter alia_, adopted many recommendations for which Plaintiff Simmermon had advocated at council meetings. (March 28, 2012 Opinion at 4.)[1] In October of

---

[1] Throughout this Opinion, the Court has cited the slip copy of the March 28, 2012 Opinion. [Docket Item 47]; Simmermon v.

2007, a final sentence was added to the towing ordinance requiring tow companies to have "all local, county, and state approvals." (March 28, 2012 Opinion at 4.) This new requirement, § 262-14-G, became the basis for the exclusion of A-Jacks Towing from the tow list from December 11, 2007 to December 4, 2008 because A-Jacks allegedly did not have all local, county, and state approvals. (March 28, 2012 Opinion at 2, 4.)

Plaintiffs' claims essentially pertain to a series of zoning enforcement actions taken against Plaintiffs and Plaintiffs' exclusion from the tow list. Plaintiffs allege that Defendants' actions were in retaliation for Simmermon's advocacy at Township Council hearings and discriminatory because similarly situated companies were treated more leniently. In their original Complaint, Plaintiffs alleged First Amendment, equal protection, and due process claims.

**B. The March 28, 2012 Opinion and Order**

Defendants filed a motion for summary judgment [Docket Item 27] on all of Plaintiffs' claims. The Court issued an Opinion and Order on March 28, 2012 [Docket Items 47 & 48] granting Defendants' motion as to Plaintiffs' equal protection claim and as to certain parts of Plaintiffs' First Amendment and due process claims; the remainder of Defendants' motion was denied.

Gabbianelli, Civ. 09-5880 (JBS/KMW) (D.N.J. March 28, 2012). But there is also a published citation: Simmermon v. Gabbianelli, 865 F. Supp. 2d 589 (D.N.J. 2012).

3

In the March 28, 2012 Opinion, the Court assessed Plaintiffs' equal protection claim as a class of one claim[2] and applied the class of one equal protection test. The Court stated, "Plaintiffs contend that the facts adduced with respect to the retaliation claim also make out a claim for a violation of the Equal Protection Clause even if retaliatory animus was not the motivation behind the conduct." (March 28, 2012 Opinion at 24.) The Court held that, for Plaintiffs to survive summary judgment on their equal protection claim, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." (March 28, 2012 Opinion at 24.)

The Court held, "[t]he differential treatment that A-Jacks received at the hands of the Township Council survives rational basis review, because even assuming A-Jacks was similarly situated, Plaintiffs have not negated every conceivable basis for enforcing the towing ordinance requirements against A-Jacks." (March 28, 2012 Opinion at 26.) The Court emphasized that "there is no evidence that the decision to enforce the zoning laws against Simmermon was so lacking in any conceivable

---

[2] A class of one claim is a claim alleging discriminatory treatment toward a particular individual who is not otherwise a member of a suspect class.

4

rational basis as to violate the Equal Protection Clause."
(March 28, 2012 Opinion at 26.)

In the March 28, 2012 Opinion, the Court specifically
considered the possibility that this evidence might exist: The
Court stated, "[a]ssuming for the sake of argument that there
were similarly-situated entities whose known zoning violations
were not enforced (even though that fact is not clear from the
record), Simmermon could have been rationally singled out based
on the fact that citizens were complaining about him, or based
on the longstanding nature of the violations, or a combination
of the two." (March 28, 2012 Opinion at 27.)

The Court also granted summary judgment to Defendants
Michael Gabbianelli and Michael DePalma as to that part of
Plaintiffs' First Amendment retaliation claim that is based upon
Plaintiffs' exclusion from the towing list. The Court noted that
the township council made the decision to exclude A-Jacks from
the list. (March 28, 2012 Opinion at 6.) Defendants Gabbianelli
and DePalma were not members of the council; Gabbianelli was the
Mayor of Monroe Township during the time period relevant to this
action and DePalma was a township construction official. (March
28, 2012 Opinion at 2 n.1.) The Court noted that "Plaintiffs'
Supplemental Statement of Material Facts reveals no facts
suggesting, and Plaintiff[s] have not crafted any theory for how
Gabbianelli or DePalma, who were not members of the Council,

5

caused the members of the Council to extend leniency to other towers while denying it to A-Jacks . . . ." (March 28, 2012 Opinion at 13 n.5.) In other words, the Court found that there was no evidence indicating that Defendants Gabbianelli and DePalma were involved in the Council's decision to exclude A-Jacks from the tow list.

However, the Court did not grant summary judgment to Defendants Gabbianelli and DePalma on the aspect of Plaintiffs' First Amendment claim relating to zoning enforcement because "there were irregularities in the enforcement procedure, and there [wa]s direct evidence of the Mayor's antagonism and his direction of the enforcement action." (March 28, 2012 Opinion at 21.)

The Court denied summary judgment on Plaintiffs' First Amendment claim to the other Defendants. The Court held that "other towing companies were granted leniency or exemption from the towing ordinance in multiple ways, while A-Jacks was not." (March 28, 2012 Opinion at 13.) The Court further noted "[d]espite the substantial leniency provided to the companies even though there was no statutory authority for modifying the statements of general applicability, and despite the ultimate exempting of two companies from the code's requirements entirely, A-Jacks was held to the requirements of the Code and removed from the tow list as a consequence, without explanation

for the difference in treatment." (March 28, 2012 Opinion at 15.) The Court found that "a reasonable jury could infer that the reason A-Jacks was treated differently was retaliatory animus or . . . that since A-Jacks had advocated for higher standards, A-Jacks should be held strictly to those standards." (March 28, 2012 Opinion at 20.)[3]

### III. MOTION TO REVISE THE MARCH 28, 2012 OPINION AND ORDER

#### A. Parties' Arguments

Plaintiffs argue pursuant to Fed. R. Civ. P. 54(b), that the Court should revise its March 28, 2012 Opinion and Order granting summary judgment to Defendants on Plaintiffs' equal protection claim. Plaintiffs claim that the Court "misapprehended plaintiffs' Equal Protection claim, in saying that plaintiffs were not contending that retaliatory animus was not the motivation behind defendants' conduct . . . . plaintiffs do contend that retaliatory animus was the motivation behind defendants' conduct . . . ." (Pl. Br. at 11 (emphasis in original).) Plaintiffs argue that the Court applied the wrong test to their equal protection claim because the Court "overlooked plaintiffs' selective enforcement claim and instead

_____

[3] The Court has not summarized the due process, legislative immunity, qualified immunity, punitive damages, and municipal liability aspects of its March 28, 2012 Opinion because these determinations are not relevant to the present motions.

applied a rational basis test . . . ." (Pl. Br. Supp. Mots. Amend Compl. & J. ("Pl. Br.") at 12.)

Plaintiffs also argue that they have discovered new evidence showing: (1) every towing company that was approved for the calendar year 2008 did not have all local, county, and state approvals; (2) records were not pulled to check whether all towers had proper approvals on file and inspections were not done for all the tow companies; (3) the Township did not make sure that other towers' buildings conformed with all of the Township's land management ordinances; and (4) Plaintiff's towing company was not the only towing company on the Township's list that did not have a Certificate of Occupancy for the building out of which it operated.[4] [Docket Item 63]; (Pl. Br. at 1-2.) Plaintiffs argue that this newly discovered evidence differs materially from the evidence of record and mandates revision of the Court's March 28, 2012 decision.

---

[4] Plaintiffs claim that they obtained this new evidence on May 15, 2012, during the depositions of Darlene Schoenwald, technical assistant to the construction official for Monroe Township, and James Morrison, acting construction official for Monroe Township. (Pl. Br. at 4.) Plaintiffs argue that this evidence directly contradicts statements that Defendants made in their motion for summary judgment, such as Defendants' assertion that A-Jacks was the only towing company on the list that did not have a Certificate of Occupancy for the building out of which it operated. (Pl. Br. at 3.)

Defendants argue that the Court applied the proper test. [Docket Item 65][5]; (Def. Opp'n Pl. Mots. Am. Compl. & J. ("Def. Opp'n") at 5). Defendants assert that the rational basis analysis is the appropriate standard in equal protection cases and that "[w]hile selective enforcement may be the basis of an equal protection claim, it must still pass the rational basis test." (Def. Opp'n at 5). Defendants argue that Third Circuit precedent does not "create a separate cause of action under the Equal Protection Clause for selective enforcement." (Def. Opp'n at 5.)

**B. Rule 54(b) Standard of Review**

Pursuant to Rule 54(b), partial summary judgment may be certified as final for purposes of interlocutory appeal. Absent such certification, "an order of partial summary judgment is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of the parties." Gallant v. Telebrands Corp., 35 F. Supp. 2d 378, 394 (D.N.J. 1998); see also Fed. R. Civ. P. 54(b) ("any order . . . that adjudicates fewer than all the claims . . . does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims").

---

[5] Defendants submitted two opposition briefs [Docket Items 65 and 66] to Plaintiffs' motions, but the two briefs are identical.

C. **Analysis**

The Fourteenth Amendment dictates that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. The purpose of this clause is "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (quoting Sioux City Bridge Co. v. Dakota Cnty., 260 U.S. 441, 445 (1923)).

There is no allegation that Plaintiffs are members of a protected class, such as a religious, ethnic, or political group; the issue before the Court, therefore, is which of two types of equal protection claims, class of one or selective enforcement, applies. A class of one claim alleges that the plaintiff himself, and not a particular group, was the subject of discriminatory treatment under a particular law. To establish a class of one claim, the plaintiff must allege "that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." PG Publ'g Co. v. Aichele, 705 F.3d 91, 114 (3d Cir. 2013).

The test for selective enforcement claims is different: Establishing a selective enforcement claim requires a

10

demonstration that: "(1) that [the plaintiff] was treated differently from other similarly situated [entities], and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right." Aichele at 115; see also Dique v. N.J. State Police, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (citing same test for selective enforcement claim).

Defendants argue that selective enforcement claims must still pass the rational basis test. There is some support in case law for this argument. See, e.g., Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1, 18 (D.N.J. 1999)[6] ("Student Plaintiffs do not claim that the Moving Defendants punished them as a result of their race or religion. In the absence of an animus-based motive, I must consider Student Plaintiffs' selective enforcement claim under the "rational basis" test."); see also Jackson v. Gordon, 145 F. App'x 774, 777 (3d Cir. 2005) ("If a distinction between persons does not implicate a suspect or quasi-suspect class, state action will be upheld if it is rationally related to a legitimate state interest.") These examples hold that rational basis review applies when the plaintiffs are not members of a suspect class, but they do not

---

[6] Carlino was affirmed in part, on the issue of imposition of Rule 11 sanctions, 44 F. App'x 599 (3d Cir. 2002).

specifically discuss a difference between class of one and selective enforcement claims. Recent Third Circuit jurisprudence, such as the Aichele case, supra, which was filed on January 15, 2013, distinguishes between these types of claims and describes a test for selective enforcement claims that is different from the class of one test and that does not include a rational basis component. The Court will subject Plaintiffs' selective enforcement claim to the selective enforcement test set forth in Aichele.

Plaintiffs' argument that the Court misapprehended the nature of their equal protection claim has merit. The Court conducted a class of one analysis, not a selective enforcement analysis. In retrospect, it is clear that Plaintiffs had presented a selective enforcement claim. In the initial Complaint [Docket Item 1], Plaintiff described the standard for a selective enforcement claim and asserted that "[t]he exclusion of A-Jacks from the tow list . . . and excess prosecution of plaintiffs was motivated by an intention to discriminate on the basis of impermissible considerations, including the desire to punish A-Jacks and Mr. Simmermon for exercise of First Amendment rights . . . ." (Compl. ¶ 53.) In their brief in opposition to Defendants' summary judgment motion [Docket Item 35], Plaintiffs argued that "the facts and circumstances show that defendants selectively enforced § 262-14-G of the 2007 Code and

discriminated against plaintiffs . . . ." (Pl. Opp'n Summ. J. at
22.) Plaintiffs cited, in their opposition, the standard for
selective enforcement claims, stating that selective enforcement
"occurs when (1) the person, compared with others similarly
situated, was selectively treated and (2) the selective
treatment was motivated by an intention to discriminate on the
basis of impermissible considerations, such as . . . to punish
or inhibit the exercise of constitutional rights . . . ." (Pl.
Opp'n Summ. J. at 22.)[7]

The Court's March 28, 2012 Opinion did not conduct a
selective enforcement analysis. If the Court had done so,
Plaintiffs' equal protection claim would have survived summary
judgment, as now explained. Plaintiffs must show two elements to
satisfy the selective enforcement standard: they must show that
a reasonable jury could conclude that they were treated
differently from other similarly situated individuals and that a
reasonable jury could conclude that this selective treatment was
based on an arbitrary factor or intended to prevent the exercise
of a fundamental right. The Court can determine, from the

---

[7] Plaintiffs' articulation of the legal standard also referenced
the rational basis test. For example, Plaintiffs stated,
"Defendants were unable to rationally exclude plaintiffs under
the 1971 Code . . . ." (Pl. Opp'n Summ. J. at 23.) Despite the
lack of precision in terms of articulating the legal test, the
Court acknowledges that Plaintiffs did not describe a class of
one claim in either their Complaint or their opposition to
Defendants' motion for summary judgment.

13

factual record established in the March 28, 2012 Opinion
assessing Plaintiffs' First Amendment claim, that Plaintiffs
satisfied these two elements.[8]

In the March 28, 2012 Opinion, the Court found that a
reasonable jury could conclude that Plaintiffs were treated
differently from other towers. The Court found that "other
towing companies were granted leniency or exemption from the
towing ordinance in multiple ways, while A-Jacks was not."
(March 28, 2012 Opinion at 13.) The Court further noted
"[d]espite the substantial leniency provided to the companies
even though there was no statutory authority for modifying the
statements of general applicability, and despite the ultimate
exempting of two companies from the code's requirements
entirely, A-Jacks was held to the requirements of the Code and
removed from the tow list as a consequence, without explanation

---

[8] There is Third Circuit precedent holding that equal protection
and First Amendment claims based on the same facts can be
analyzed in tandem. In Hill v. City of Scranton, 411 F.3d 118
(3d Cir. 2005), the Third Circuit considered First Amendment
retaliation and selective enforcement claims. The issue was
whether the City of Scranton selectively enforced a law
requiring employees to live within city limits against plaintiff
police officers who had previously sued to challenge this law.
The officers alleged that many employees did not live within
city limits, but they were the only employees terminated and
that the termination was retaliation against their previous
legal challenge. The City of Scranton court held: "The officers'
First Amendment and Equal Protection claims are functionally
identical and it would be redundant to treat them separately."
Id. at 125-26.

for the difference in treatment." (March 28, 2012 Opinion at 15.)

The First Amendment analysis that the Court conducted did not require a specific finding that the other towing companies were similarly situated.[9] Persons are "similarly situated" under the Equal Protection Clause when they are alike "in all relevant aspects." Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008) (citing Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)).

"[T]here is no precise formula to determine whether an individual is similarly situated to comparators," and it is generally a question of fact for the jury. Fiala v. Bogdanovic, CIV. 07-2041, 2009 WL 3260585, *4 (M.D. Pa. Oct. 8, 2009). A court "may properly grant summary judgment where it is clear that no reasonable jury could find that the similarly situated requirement has been met." McDonald v. Vill. of Winnetka, 371 F.3d 992, 1002 (7th Cir. 2004).

In their brief supporting their motion for summary judgment, Defendants cited District of New Jersey case law for the proposition that "[i]n order to succeed on a class of one

---

[9] The test for First Amendment retaliation claims requires plaintiffs to show (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. (March 28, 2012 Opinion at 11.)

equal protection claim, the plaintiff must demonstrate that it was treated differently than someone who is prima facie identical in all relevant respects." <u>ABD Monroe, Inc. v. Monroe Twp.</u>, CIV. 04-1412(WHW), 2008 WL 58876, *9 (D.N.J. Jan. 3, 2008) (citing cases from Seventh and Second Circuits). A 2012 Western District of Pennsylvania case emphasized however that the similarly-situated test in the Third Circuit does not require identical comparators: "The law in the Third Circuit does not require [a plaintiff] to show that the [comparators] are identical in all relevant respects but only that they are alike." <u>Southersby Dev. Corp. v. Borough of Jefferson Hills</u>, 852 F. Supp. 2d 616, 628 (W.D. Pa. 2012) (citing <u>Startzell</u>).[10] The

---

[10] Some district courts, in other Circuits, apply a different similarly-situated test for selective enforcement, as opposed to class of one, claims. In <u>Dombrosky v. Stewart</u>, Civ. 3:10-1477, 2012 WL 3686779, *7 n.1 (M.D. Pa. Aug. 27, 2012), the district court cited Second Circuit jurisprudence regarding the differences between selective enforcement and class of one claims and noted that "there is a disagreement within the Second Circuit regarding the precise standard for determining whether comparators are similarly situated . . . " for the two claims. Second Circuit courts that used the same test for both types of claims required a showing that the comparators' circumstances were "prima facie identical." <u>Id.</u> Courts that used a different test held that, for selective enforcement claims, the standard was "less demanding" and required a showing either that "plaintiff and comparators were similarly situated in all material respects" or that "a prudent person, looking objectively at the incidences, would think them roughly equivalent." <u>Id.</u> The <u>Dombrowsky</u> court assessed a selective enforcement claim and applied the "alike in all relevant aspects" test from <u>Starzell</u>. The Court will do the same here.

Court will apply the Startzell test and will require comparators to be alike, but not identical.

In this case, a reasonable jury could find that the similarly situated requirement has been met.[11] The relevant factors are whether the comparators were towing companies that sought inclusion on the towing list and that were violating the towing ordinance. In the March 28, 2012 Opinion, the Court found that "other towing companies were granted leniency or exemption from the towing ordinance in multiple ways, while A-Jacks was not." (March 28, 2012 Opinion at 13.) The Court further noted

> [d]espite the substantial leniency provided to the companies even though there was no statutory authority for modifying the statements of general applicability, and despite the ultimate exempting of two companies from the code's requirements entirely, A-Jacks was held to the requirements of the Code and removed from the tow list as a consequence, without explanation for the difference in treatment.

(March 28, 2012 Opinion at 15.) Defendants themselves acknowledge that "[d]iscovery in a state-venued action by plaintiff against Monroe Township has revealed that a number of businesses on the towing list have issues with permits and approvals." (Def. Opp'n at 6.) Defendants attempt to distinguish these companies by arguing that "none of them operated for a

---

[11] The Court did not conduct a similarly situated analysis in the March 28, 2012 Opinion because it "assum[ed] A-Jacks was similarly situated" and found that "Plaintiffs have not negated every conceivable basis for enforcing the towing ordinance requirements against A-Jacks." (March 28, 2012 Opinion at 26.)

five-year period devoid of even the most basic permits for their
business as did plaintiff" and that "at the time plaintiff was
excluded from the towing list the township council was not aware
of any zoning issues with any other towing company on the list."
(Def. Opp'n at 6,7.) The March 28, 2012 Opinion notes, however,
"the undisputed fact that other companies were exempted from the
towing ordinance requirements." (March 28, 2012 Opinion at 8.)[12]
A reasonable jury could conclude that A-Jacks was treated
differently from similarly situated comparators.

The Court also found, in the March 28, 2012 Opinion, that
the differential treatment was based on Plaintiffs' exercise of
a fundamental right, i.e., Plaintiffs' right to free speech and
right to advocate at town council meetings. The Court found that
"a reasonable jury could infer that the reason A-Jacks was
treated differently was retaliatory animus or . . . that since
A-Jacks had advocated for higher standards, A-Jacks should be
held strictly to those standards." (March 28, 2012 Opinion at
20.)

---

[12] For example, Plaintiff's Statement of Facts [Docket Item 34],
which Plaintiff submitted during the summary judgment briefing,
stated that, "Tom Weeast of Lake Ave Auto Body, sent a letter to
Monroe Township asking to be excused from complying with the
2007 Code, in that his yard was too small to accommodate a
separate impound area . . . . the requirement was excused  . .
. ." [Docket Item 34 ¶ 112.] Defendant admitted this fact in his
response to Plaintiff's Statement. [Docket Item 38-1 ¶ 112.]

In short, a reasonable jury could find from this evidence that Plaintiffs have satisfied both required elements of the selective enforcement test. The Court will therefore revise its March 28, 2012 Order because, under the selective enforcement as opposed to the rational basis test, a reasonable jury could conclude that Defendants violated the equal protection clause in their treatment of Plaintiffs.

Plaintiffs have two factual components to their Equal Protection claims: towing list exclusion and enforcement of zoning laws. As discussed above, Plaintiffs presented no evidence that Defendants participated in the decision to exclude Plaintiffs from the list Gabbianelli and DePalma. The Court is revising its grant of summary judgment on the equal protection claim, but the Court will not allow the towing list aspect of Plaintiffs' claim to proceed as to Defendants Gabbianelli and DePalma.[13]

---

[13] In their Amended Complaint, Plaintiffs assert the selective enforcement claim against "All defendants (except DePalma)." (Am. Compl. at 12.) Therefore, it appears that Plaintiffs are no longer asserting an equal protection claim against DePalma. When Plaintiffs explained the differences in their Amended Complaint, however, they did not acknowledge that they are not asserting their equal protection claim against DePalma. From the Amended Complaint the Court assumes that Plaintiffs wish to dismiss the portion of their equal protection claim that remains against DePalma. The Amended Complaint, of course, supersedes the previous pleading and the elimination of this claim against DePalma is manifested.

The March 28, 2012 Order will be revised to read as follows: Defendants' motion for summary judgment on Plaintiffs' equal protection claim is granted to Defendants Gabbianelli and DePalma as to that aspect of Plaintiffs' claim that relates to Plaintiffs' exclusion from the towing list and is denied in all other aspects of Plaintiffs' equal protection claim. Defendants' motion for summary judgment on Plaintiffs' equal protection claim is denied as to all other Defendants.

## IV. MOTION TO AMEND COMPLAINT

### A. Parties' Arguments

Plaintiffs seek leave, pursuant to Fed. R. Civ. P. 15, to file an amended and supplemental complaint incorporating their new evidence in order to add a claim for selective non-enforcement of non-compliant wreckers. (Pl. Br. at 8-9.)

Plaintiffs' Amended and Supplemental Complaint ("Amended Complaint") [Docket Item 61-1] adds a claim for "selective non-enforcement of non-compliant wreckers" against all Defendants except Depalma. Plaintiff argues that Defendants "engaged in selective non-enforcement of the Towing Ordinance as to non-compliant wreckers, that is, including wreckers on towing lists who should have been excluded under defendants' rationale for excluding A-Jacks from the 2008 list." (Am. Compl. ¶ 76.) Plaintiffs argue that, because only A-Jacks and Malia's towing had Certificates of Occupancy, only A-Jacks and Malia's should

20

have been on the 2009, 2010, 2011, and 2012 towing lists. (Am. Compl. ¶¶ 77-80.)

Plaintiffs also added a request for injunctive relief, asking the Court to "enjoin the Township from approving non-compliant wreckers for the 2013 towing rotation list and the years following, that is, excluding wreckers from the yearly towing rotation lists who do not have the required Certificates of Occupancy." (Am. Compl. ¶ 93.)

Defendants argue that Plaintiff is asserting "the same claim that this court has already rejected, simply with a new name." (Def. Opp'n Pl. Mots. Am. Compl. & J. at 5.) Defendants emphasized that "[s]ince this court has dismissed plaintiff's equal protection claim once, and no new material facts have been asserted here, allowing the proposed amendment would be futile." (Def. Opp'n Pl. Mots. Am. Compl. & J. at 10.)

**B. Standard of Review For Motion to Amend Complaint**

Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

**C. Analysis**

Defendants have not argued any circumstances such as undue delay, bad faith, dilatory motive, or undue prejudice.

Defendants argue that the Court has already granted summary judgment on Plaintiffs' equal protection claim. As explained above, the Court has revised its previous grant of summary judgment and Plaintiffs' equal protection claim will stand, except for the aspect of the claim that relates to Defendants Gabbianelli and Depalma's role in excluding Plaintiffs from the tow list. Defendants' reliance on the Court's March 28, 2012 Opinion and Order is therefore misplaced.

Defendants also assert that these new claims are essentially repackaged versions of the Plaintiffs' previous claims. The Court finds that the new claims are factually distinct: Plaintiffs' previous equal protection claim requested relief for Defendants' allegedly selective enforcement of the towing ordinance and zoning laws against Plaintiffs; the new claim in the Amended Complaint requests enforcement of the ordinance against other towers. The claims are related, but they are not identical. The Court will not dismiss the new claims on redundancy grounds.

Plaintiffs' Motion to Amend is granted.

**V. CONCLUSION**

Plaintiffs' motions to revise the March 28, 2012 Opinion and Order will be granted. In the present Opinion, the Court applied the selective enforcement, as opposed to the rational

basis, test to Plaintiffs' equal protection claim. As a result, Plaintiffs' selective enforcement equal protection claim will, in large part, survive summary judgment.

Plaintiffs' motion to amend their Complaint is also granted.

The accompanying Order is entered and Defendants' answers will be due in fourteen (14) days after Plaintiffs file their Amended Complaint.


**March 18, 2013**                            **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge